NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
UGWUMBA AJAEGBU,                    :
                                    :
        Petitioner,                 :
                                    :       Civil Action No. 05-4844 (JAG)
            v.                      :
                                    :                **OPINION**
UNITED STATES OF AMERICA,           :
                                    :
        Respondent.                 :
_____:

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on the petition of Ugwumba Peters Ajaegbu ("Petitioner" or "Ajaegbu") seeking the issuance of a writ of habeas corpus ("Petition"), pursuant to 28 U.S.C. § 2255. Petitioner's motion seeks to have this Court vacate, set aside, or correct his sentence. Petitioner argues that (1) his prior deportation proceeding was fundamentally unfair and violated due process; and (2) he was deprived of adequate assistance of counsel at his sentencing hearing for illegal reentry. For the reasons set forth in this opinion, this Court shall transfer those claims relating to the deportation proceeding to the Fifth Circuit Court of Appeals, and shall dismiss, without prejudice, the Petition as it relates to the sentencing hearing.

**PROCEDURAL HISTORY**

      On October 18, 1989, Petitioner was arrested for importing heroin into the United States. On May 12, 1990, Petitioner pled guilty in United States District Court for the Eastern District of

1

New York to the illegal importation of heroin, pursuant to 8 U.S.C. § 1101(a)(43).

On December 10, 1992, Immigration and Naturalization Services ("INS") initiated deportation proceedings against Petitioner.  Initially, Petitioner's deportation was ordered on January 26, 1993, because of the allegedly untimely submission of his application for a § 212(c) waiver.  These proceedings were reopened after Petitioner's counsel indicated that the documents were, in fact, submitted on time.  At the subsequent hearing on April 14, 1993, however, Petitioner's § 212(c) waiver was denied because the court maintained that it had not received the requisite documents.  On May 5, 1993, Petitioner was deported from the United States.

On May 12, 2003, Petitioner was arrested for attempting to re-enter the United States, without the express consent of the Attorney General.  On November 17, 2003, Petitioner pled guilty before this Court to illegal reentry into the United States, in violation of 8 U.S.C. § 1326.[1]  On appeal, the Third Circuit remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005).  United States v. Ajaegbu, Appeals No. 04-1614, Docket No. 26.  (3d Cir. 2005).  At resentencing, this Court imposed a term of imprisonment of forty-one months.  United States v. Ajaegbu, Crim. No. 03-813, Docket Entry No. 26 (D.N.J. 2005).

On October 6, 2005, Petitioner filed this Petition, pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence.  Petitioner challenged his detention on the grounds that his deportation hearing in 1993 was fundamentally unfair and that he was denied effective assistance of counsel during both his deportation hearing and later conviction for illegal reentry.

---

[1] Title 8 U.S.C. § 1326 provides that any alien who has been deported from the United States, and thereafter attempts to enter the country without the express consent of the Attorney General, could be imprisoned for not more than two years.  In the case of any alien whose removal was subsequent to a conviction for commission of an aggravated felony, such alien could face a term of imprisonment of not more than twenty years.

On December 20, 2005, Petitioner petitioned this Court to review the Immigration Judge's determination, vacate his conviction and deportation, and remand the case to the immigration court.

## **STATEMENT OF FACTS**

On May 12, 1990, Petitioner pled guilty to the illegal importation of heroin into the United States, which is listed as an aggravated felony under 8 U.S.C. § 1101(a)(43).[2] (Gov't's Answer Ex. A at 4, ¶ 9.) Petitioner was sentenced to a total of forty-one months imprisonment. (Id.)

Following his conviction, INS initiated deportation proceedings against Petitioner on December 10, 1992. (Pet.'s Ex. A.) On January 5, 1993, Petitioner appeared before the immigration judge, at which time the immigration judge requested that Petitioner's § 212(c) waiver application be submitted by January 22, 1993, with a hearing scheduled for February 5, 1993. (Pet.'s Ex. B.) On January 26, 1993, the immigration judge initially ordered that Petitioner be deported because he failed to file his § 212(c) application in a timely fashion. (Id.) The immigration judge granted Petitioner's motion to reopen the deportation proceeding on February 25, 1993, after counsel for Petitioner submitted documentation indicating that the application was allegedly received by a court employee in the afternoon of January 22, 1993. (Id.) A hearing was subsequently held on April 13, 1993; the Immigration Judge denied Petitioner's application for a § 212(c) waiver. (Gov't's Answer Ex. B.) At the conclusion of the

---

[2] Title 8 U.S.C. § 1101(a)(43) states that an aggravated felony includes the illegal trafficking in a controlled substance, as defined in section 102 of the Controlled Substances Act, 21 U.S.C. § 802, including a drug trafficking crime, as defined in 18 U.S.C. § 924(c).

hearing, Petitioner waived his right to appeal the decision.  (Id.)  Petitioner was then deported from the United States to Nigeria on May 5, 1993.  (Gov't's Answer Ex. A at 4, ¶ 10.)

On May 12, 2003, Petitioner was apprehended when he attempted to re-enter the United States at Newark Liberty International Airport without the consent of the Attorney General of the United States.  (Gov't's Answer Ex. A at 5, ¶ 1.)  Petitioner also admitted that following his deportation in 1993, he had re-entered the United States illegally on a prior occasion, in 1994.  (Gov't's Answer Ex. A at 5, ¶ 3.)  Petitioner attempted re-entry using fraudulent documents purchased during his prior illegal reentry into the United States.  (Id.)

On November 17, 2003, Petitioner pled guilty to illegal reentry before this Court.  On October 6, 2005, Petitioner filed a petition seeking habeas corpus relief, pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

Section 2255 of Title 28 of the United States Code allows a prisoner in custody to file a petition seeking the issuance of a writ of habeas corpus with the sentencing court on the grounds that: (1) the sentence imposed violated the Constitution of the United States or its laws; (2) the court did not have jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is subject to collateral attack on other grounds.  See 28 U.S.C. § 2255.  "[A] motion to vacate [a] sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the district court."  United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980).  Unless it appears conclusively from the motion, files, and records that the petitioner is not entitled to relief, the district court must grant the petitioner an evidentiary hearing on the matter.  See id.

**DISCUSSION**

    A.    **Bifurcation of Claims**

Petitioner challenges the validity of both the prior removal order and his subsequent conviction for illegal reentry. (Pet.'s Mem. 2.) Specifically, Petitioner alleges that (1) the immigration judge improperly deprived him of his right to judicial review during the deportation proceedings, thereby violating his constitutional right to due process; (2) Petitioner's counsel was ineffective during the deportation proceedings because of his alleged failure to advise Petitioner to seek judicial review of the Immigration Judge's removal order; and (3) Petitioner's counsel during the reentry proceeding before this Court was ineffective because he failed to challenge the previous deportation determination. (Id.)

Pursuant to the § 106(a)(1) of the REAL ID Act of 2005 ("§ 106"),[3] and 8 U.S.C. § 1252(a)(5),[4] this Court lacks jurisdiction to review claims that challenge Petitioner's deportation order; those claims will be transferred to the Court of Appeals for the Fifth Circuit. This Court retains jurisdiction solely over Petitioner's claim of ineffective assistance of counsel relating to his sentencing proceeding for illegal reentry.

    B.    **Ineffective Assistance of Counsel**

Petitioner alleges that counsel was ineffective during the re-entry proceeding because his

---

[3] Section 106(a)(1) of the REAL ID Act of 2005 amends INA § 242(a)(2), and restricts habeas review for certain removal matters, such that the only avenue available for review of a removal order issued under any provision of the INA is to file with the appropriate court of appeals.

[4] Title 8 U.S.C. § 1252(a)(5) states that notwithstanding any other provision of law, including habeas corpus provisions, a petition for review filed with an appropriate court of appeals shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of the INA.

attorney failed to determine that Petitioner's waiver of right of appeal during the removal proceedings was, as Petitioner alleges, unknowing, unintelligent, and involuntary. (Pet.'s Reply 4.) Petitioner asserts that if counsel actually investigated and reviewed the record of the immigration proceedings in its entirety, he would have challenged the validity of the underlying deportation order. (Id.)

In order to assert an ineffective assistance of counsel claim, which connotes that counsel was so defective that a reversal of the conviction is in order, Petitioner must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Petitioner must first demonstrate that, based on an objectively reasonable standard, there was a deficiency in counsel's performance. Id. at 687. The second prong in Strickland requires Petitioner to show that counsel's "deficient performance prejudiced the defense." Id. at 687. To meet the second prong, the Petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[5] Id. at 694. The Petitioner has the burden of proof to demonstrate both parts of the test. See id. at 697.

A court reviewing an ineffective assistance of counsel claim must strongly presume that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690. The Strickland court reasoned that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel

---

[5] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694 (1984).

was unreasonable." Id. at 689.  Thus, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id.

In order to evaluate whether or not there was a deficiency in counsel's performance, this Court must determine if Petitioner would have been able to collaterally attack the underlying deportation order at the 2003 sentencing hearing.  As a general matter, a collateral challenge to the use of a deportation proceeding as an element of a criminal offense must be permitted where the deportation proceeding effectively eliminates the right of the alien to obtain judicial review. See U.S. v. Mendoza-Lopez, et al., 481 U.S. 828, 839 (1987).  Aliens are deprived of judicial review of their deportation proceedings where the immigration judge permits waivers by the aliens of the right to appeal the deportation order, that were not the result of considered or intelligent judgments by the aliens.  See id. at 840.

In the instant case, Petitioner fails to establish that counsel's representation fell below an objective standard of reasonableness.  The record indicates that Petitioner's waiver of appeal was the result of considered and intelligent judgment; therefore, Petitioner would not have been able to mount a collateral attack on the underlying deportation order during the sentencing hearing before this Court.  Evidence in the record establishes that the immigration judge allowed Petitioner time to discuss the waiver of appeal with counsel, before the conclusion of the hearing.[6]  The court then questioned Petitioner repeatedly as to whether he accepted the decision or chose to reserve the right to appeal.  Petitioner stated that he accepted the decision, but proceeded to ask the court if he, "had to accept [the judge's] decision."  (Gov't's Answer Ex. B.)

---

[6] Government's Answer to the Petition, Exhibit B, (tape recording of the immigration proceeding conducted on January 5, 1993.).

The Immigration Judge reiterated that Petitioner had the option of appealing the decision, but upon further questioning, Petitioner and counsel both stated that Petitioner did not wish to file an appeal. (Id.)

By Petitioner's own admission, he met with counsel prior to pleading guilty to the reentry offense and discussed Petitioner's signed waiver of appeal from the deportation proceeding. (Pet.'s Mem. 6.) At that time, counsel informed Petitioner that he did not have a collateral ground to challenge the legality of the deportation order as it related to his criminal offense of illegal reentry. (Id.) In light of the fact that Petitioner's waiver of appeal was the result of considered and intelligent judgment, it is unreasonable to expect Petitioner's counsel to collaterally attack the underlying deportation order. This Court concludes that counsel acted within the bounds of his reasonable professional judgment and rendered adequate assistance to Petitioner during the sentencing hearing.

Additional evidence suggests that Petitioner's waiver of appeal resulted from thoughtful consideration. Not only was Petitioner afforded ample opportunity to confer with counsel, but there is also no indication that Petitioner did not understand the ramifications of his decision to waive the appeal. At no point during the proceeding did Petitioner indicate that he was having any difficulty understanding the nature of the hearing. Moreover, Petitioner did not have any problems communicating or interacting with the court, and displayed a strong command of the English language.[7] (Id.) Petitioner presented himself as a competent and educated individual, responding intelligently to questions posed by counsel, and engaging in extensive dialogue with

---

[7] Petitioner graduated with a degree in business administration from St. Augustine's College, located in North Carolina.

the Immigration Judge. (Id.)

It is apparent that Petitioner's waiver of appeal resulted from careful deliberation and consultation with counsel, and thus, Petitioner would not have been able to challenge the underlying deportation order. Under these circumstances, this Court finds that Petitioner's counsel for the sentencing underlying this Petition, did not act unreasonably in refraining from challenging the deportation order at the subsequent hearing for illegal reentry. Petitioner therefore fails to demonstrate that there was a deficiency in counsel's performance, as is required under the first prong of the Strickland test.[8]

## CONCLUSION

For the reasons stated above, this Court (1) transfers Petitioner's claims regarding the validity of his previous removal order to the Fifth Circuit Court of Appeals, pursuant to Section 106(a)(1) of the REAL ID Act of 2005; and (2) dismisses the Petition, without prejudice, as it pertains to his claims of ineffective assistance of counsel during the sentencing hearing.

Dated: February 28, 2007

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[8] Given that Petitioner has failed to demonstrate that there was a deficiency in counsel's performance, it is not necessary for this Court to determine if Petitioner satisfies the second prong of the Strickland test. The Strickland requirements are conjunctive.